I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8-02-11

DEPUTY CLERK

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| RICARDO STRONG,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DR. ARIES,<br><br>　　　Defendants. | Case No. EDCV 11-0575-DMG (MLG)<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AGAINST SHERIFF SNIFF AND THE RIVERSIDE COUNTY BOARD OF SUPERVISORS; ORDER CHANGING CAPTION |

　　Ricardo Strong, a prisoner at the North Kern State Prison, filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on April 22, 2011.[1] The complaint alleged that Plaintiff was denied prompt and effective post-operative treatment after undergoing wrist surgery while incarcerated in January 2011. Petitioner did not name any individual defendants. Rather he named only government entities as defendants. Because municipal defendants cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability defendants, the complaint was dismissed with leave to amend

---

[1] At the time he filed the complaint, Plaintiff was incarcerated at the Robert Presley Detention Center.

on April 29, 2011. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978).

On May 9, 2011, Plaintiff filed his first amended complaint ("FAC"). In the FAC, Plaintiff named as defendants: Dr. Aries, his treating physician at the jail; Riverside County Sheriff Stanley Sniff; and the Riverside County Board of Supervisors ("Board"). Plaintiff claims that Aries was deliberately indifferent to his serious medical needs by failing to promptly remove his sutures and failing to treat Plaintiff's post-operative pain. On May 13, 2011, an order was issued finding that Plaintiff had stated a claim against Dr. Aries, but that he had not stated a viable claim against Sheriff Sniff of the Board of Supervisors. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell*, 436 U.S. at 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001). The complaint was dismissed with leave to amend with respect to the latter two defendants. Plaintiff was given until June 10, 2011, in which to file his second amended complaint and that time was sua sponte extended to July 25, 2011, when it was learned that Plaintiff had been moved to a new prison. Plaintiff was informed that the failure to file a second amended complaint would result in dismissal of the Board and Sheriff Sniff and the case proceeding only as to Dr. Aries.

Plaintiff has not filed a second amended complaint in the time allowed. Accordingly, IT IS ORDERED that the Board of Supervisors and Sheriff Sniff be dismissed from this action without prejudice. IT IS FURTHER ORDERED that the caption of the case be changed to reflect Dr. Aries as the sole defendant.

//

The Court will issue a separate order directing the U.S. Marshal to serve Dr. Aries. Plaintiff is advised that he must prepare the service packet according to the directions and forward it to the Marshal for service so that the case may continue. Failure to do so may result in dismissal of the action for failure to prosecute.

Dated: August 1, 2011

_____
Marc L. Goldman
United States Magistrate Judge